# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

DAVID L. BOULDEN,

        Appellant,

      v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBER
AT-0752-13-3521-I-1[1]

DATE: February 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Robert S. Poydasheff, Esquire, Columbus, Georgia, for the appellant.

Anne M. Norfolk, Fort Benning, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a)(2), this appeal was part of a consolidation, *In re Training and Doctrine Command, Fort Benning v. Department of the Army*, MSPB Docket No. AT-0752-14-0162-I-1, Consolidated Appeal File (CAF). Only the appellant has filed a petition for review of the initial decision sustaining the agency's furlough action. Petition for Review (PFR) File, Tab 1 at 1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

# FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The agency furloughed the appellant, an employee assigned to the agency's Training and Doctrine Command at Fort Benning, Georgia, for 6 days based upon the financial restrictions imposed by the President's March 1, 2013 sequestration order.  CAF, Tab 4 at 2-3.  The appellant, along with several other employees, filed an appeal of the agency's furlough action, which the assigned administrative judge sustained.  CAF, Tab 12, Initial Decision (ID).  Of the several appellants whose appeals were consolidated for processing, only the appellant has filed a petition for review.[3]  PFR File, Tab 1.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 4.

---

[3] The Clerk of the Board received the appellant's petition for review on October 16, 2014.  PFR File, Tab 1.  The initial decision, however, was issued on August 19, 2014, and a petition for review had to be filed no later than September 23, 2014.  In response

¶3      The record reflects that the agency furloughed the appellant for 6 days because of the financial restrictions placed on the agency by the sequester. IAF, Tab 1 at 11-13 (letter of decision imposing the furlough). The administrative judge sustained the agency's action, finding that it was required to furlough employees based on budget restrictions, and that it did so in a fair and even manner without targeting certain employees or groups of employees. ID at 5-6. On review, the appellant argues, among other things, that the agency failed to prove that he was not exempt from the furlough. PFR File, Tab 1 at 5 (arguing that the agency did not prove that he was not involved in programs affecting military readiness).

¶4      The Board has found that an agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it, and that the agency applied its determination as to which employees to furlough in a fair and even manner. *In re Tinker AFSC/DP v. Department of the Air Force*, 121 M.S.P.R. 385, ¶ 14 (2014). We find no basis to conclude that the agency was required to disprove the appellant's alleged, presumptive entitlement to an exemption from the furlough under the agency's furlough process.[4] *See Weathers v. Department of the Navy*, 121 M.S.P.R. 417, ¶ 6 (2014)

___

to the Board's timeliness order, the appellant's representative avers that he mailed the petition for review to the Clerk of the Board on the same date that he mailed copies to the agency's representative and the assigned administrative judge—September 8, 2014—and that the pleading he sent to the Board was either lost in the mail or misfiled. PFR File, Tab 3 at 2. The agency has not opposed the appellant's petition for review on timeliness grounds. PFR File, Tab 4. The appellant's motion to accept his petition for review as timely is GRANTED.

[4] The Department of Defense exempted nine categories of civilian workers from the furlough. CAF, Tab 8, Tab 4 (incorporating by reference the agency's administrative record found on the Board's website); Department of the Army Administrative Record for Fiscal Year 2013 Furlough Appeals (Administrative Record), available at www.mspb.gov/furloughappeals/army2013.htm (last visited Feb. 6, 2015). The appellant has failed to identify on review which category, if any, he believes applied to him. PFR File, Tab 1 at 5. Additionally, the appellant argued below that the agency

(finding that, when imposing a furlough action, the agency is required to treat similar employees similarly and to justify deviations with legitimate management reasons). Instead, we find ample support in the record that the agency fairly and evenly implemented its furlough action, it had legitimate management reasons for its actions, and there is no evidence in the record that the agency treated similar employees differently. *See In re Tinker AFSC/DP*, 121 M.S.P.R. 385, ¶ 14; CAF, Tab 8; Administrative Record, Tabs 6-8. Additionally, we find the appellant's argument, that the agency could have taken steps to mitigate the financial impacts of the sequester, presents no basis for overturning his 6-day furlough. *See Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶ 13 (2014) (the Board will not review spending decisions entrusted to the agency's discretion in reviewing a furlough action); IAF, Tab 7 at 5.

¶5      The appellant also argues on review that the administrative judge erred in denying him the opportunity to cross-examine one of the deciding officials who imposed most, but not all, of the furlough actions at issue in the consolidated appeal. PFR File, Tab 1 at 4. This agency official, however, did not serve as the deciding official over the appellant's furlough, and there is no dispute that the appellant had an opportunity to cross-examine the deciding official who imposed his furlough. PFR File, Tab 4 at 6-7. We find no error with the administrative judge's decision to preclude the appellant from cross-examining a witness who had no relevant or material information concerning his furlough. *See Box v. U.S.*

---

erred in separately identifying Sexual Assault Prevention and Response Victim Advocates and Coordinators as exempt employees. IAF, Tab 7 at 6. There is no evidence in the record that the agency targeted the appellant for personal reasons or exempted these employees without a legitimate management reason. CAF, Tab 8; Administrative Record, Tab 7 (explaining that the additional exemption was implemented in order to "ensure that every effort is made to instill in the Army a climate that does not tolerate or ignore sexual harassment or sexual assault"). The Board will not scrutinize an agency's furlough decision in such a way that second-guesses the agency's assessment of its mission requirements and priorities. *Department of Labor v. Avery*, 120 M.S.P.R. 150, ¶ 10 (2013), *aff'd sub nom. Berlin v. Department of Labor*, 772 F.3d 890 (Fed. Cir. 2014).

*Postal Service*, 51 M.S.P.R. 401, 405 n.2 (1991) (finding that the administrative judge properly denied the appellant's request to cross-examine a witness whose testimony was not relevant or material to the issues in the appeal).

¶6        We have considered the remainder of the appellant's arguments on review and find that they present no basis for overturning the administrative judge's initial decision. The initial decision sustaining the agency's furlough action is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:  _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.